## IN THE COURT OF APPEALS OF IOWA

No. 16-0427
Filed May 11, 2016

**IN THE INTEREST OF H.D., T.D., and E.Y.,**
**Minor Children,**

**C.Y., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.

A mother appeals from the order terminating her parental rights.

**AFFIRMED.**

Douglas E. Cook of Cook Law Firm, Jewell, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant

Attorney General, for appellee State.

Derek J. Johnson of Johnson & Bonzer, P.L.C., Fort Dodge, attorney and

guardian ad litem for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her three children: H.D., born in 2006, T.D., born in 2007, and E.Y., born in 2011. The mother argues the State failed to prove the statutory grounds and termination is not in the children's best interests. She also asserts she shares a bond with her children that weighs against termination. We affirm.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). "Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *Id.* Our primary consideration is the best interests of the children. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother argues the State has failed to prove by clear and convincing evidence the children could not be returned safely to her custody at the time of the termination hearing or within a reasonable time. The juvenile court terminated the mother's parental rights to her three children under Iowa Code section 232.116(1)(e) and (f) (2015). On appeal, the mother does not challenge the grounds for termination under paragraph (e). When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother's failure to challenge paragraph (e) waives any claim of error related to that ground. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions

relied upon by the appellant for reversal on appeal."). Therefore, we affirm the termination on statutory grounds under section 232.116(1)(e).

The mother next contends termination of her parental rights was not in the children's best interests under Iowa Code section 232.116(2). Even if a statutory ground for termination is met under section 232.116(1), a decision to terminate must still be in the best interests of the children under section 232.116(2). *In re M.W.*, 876 N.W.2d at 224.

We have thoroughly reviewed the record before us "giv[ing] primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The Iowa Department of Human Services has been involved with this family since August 2012. This is the second termination action the State has filed against the mother concerning these children. In February 2015, the juvenile court did not terminate the mother's parental rights but instead ordered "another planned permanent living arrangement" under Iowa Code section 232.104(2)(d). In making its decision, the court determined termination was not in the children's best interests at that time because the mother shared a strong bond with her children and was engaging in unsupervised visits with her children in her home every weekend.

Following the first termination action, the mother regressed in her limited progress. She inconsistently attended mental health therapy. She did not have stable housing or employment. She cancelled visits with her children or attended the visits unprepared. She did not see the children for four months from August

until December 2015, and then only saw the children twice for a few hours each visit from December 2015 until the termination hearing in January 2016.

The juvenile court found,

> [The mother] does not follow suggestions to improve her parenting. She struggles with eliminating the chaos during her limited visitations and in disciplining the children. [She] does not recognize that the children have suffered and experienced trauma as a result of their removal. She has shown no desire, willingness, or ability to assume even basic caretaking activities for her children. There is no indication that [the mother] is capable of providing a positive influence for the long-term nurturing and growth of the children. [She] cannot meet the physical, mental, and emotional needs of the children.

Based upon our de novo review of the record, we agree with the juvenile court. We cannot ask these children to continuously wait for their mother to become a stable parent. *In re D.W.*, 791 N.W.2d at 707; *see also In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d at 777 (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010)). "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). We thus conclude termination of the mother's parental rights is in the children's best interests.

"Once we have established that the termination of parental rights is in the children's best interests, the last step of our analysis is to determine whether any exceptions in section 232.116(3) apply to preclude the termination." *In re M.W.*, 876 N.W.2d at 225. The mother asserts an exception under section 232.116(3) applies because she has a strong bond with her children. *See* Iowa Code § 232.116(3)(c) (providing a court may decide not to terminate a parent's parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]."). "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child[ren], whether to apply the factors in this section to save the parent-child relationship[s].'" *In re A.M.*, 843 N.W.2d at 113 (citation omitted).

The record clearly shows the mother shares a bond with her children, who love her in return. Based on the facts included above, however, we agree with the juvenile court when it found there is "no clear and convincing evidence that the termination would be detrimental to the children at [the time of the termination] due to the closeness of the mother-child relationship." Accordingly, we find no permissive factors under section 232.116(3) exist weighing against termination of the mother's parental rights.

**AFFIRMED.**